JOHN BROMLEY AND WILLIAM H. KINGSLEY, EXECUTORS, ESTATE OF HELEN KINGSLEY BROMLEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29328.    Promulgated July 9, 1929.

*Murray H. Spahr, Jr., Esq.*, for the petitioners.
*Richmond H. Ritterbush, Esq.*, for the respondent.

**OPINION.**

ARUNDEL: On the first issue—the valuation of stock included in decedent's estate—the respondent must be sustained, because of the lack of evidence to show the values to be other than those fixed by him. A witness who is an officer of both companies in which decedent owned stock gave what he thought was a fair value of the stock of each company, but his testimony discloses a striking lack of familiarity with any facts with which to support his testimony or by which the soundness of his conclusion might be tested. We are told when the corporations were founded, what their business was, that officers' salaries were low, and the book value of the stock of one of the companies in 1926. That is about all that the record contains. We are not given any of the factors which were present in *Julia Ann Schroth, Executrix*, 5 B. T. A. 326, relied upon by petitioners, and

which might enable us to determine the value of the stock. On the record as it stands we are not disposed to accept the conclusion of the one witness as to value. See *State Safety Co.*, 13 B. T. A. 1385; *Journal & Tribune Co.*, 15 B. T. A. 208.

The error alleged as to the insurance on decedent's life is in the following words in petition:

The failure to pass upon the exception in the protest to the inclusion in Schedule C—Mortgages, Notes, Cash and Insurance—of the item of $100,000 being the fact [face] amount of two policies of insurance paid to the Executors of the Estate of the decedent.

This is rather an ambiguous allegation and we take it that petitioners do not intend for us to consider it literally, for certainly we have no power to say that the respondent erred in "the failure to pass upon" any question presented to him. We take it that petitioners intend to put in issue the question of whether the face amount of the policies should be included in decedent's gross estate. The case was tried on the theory that this was the question involved and we will consider it accordingly.

Section 302 of the Revenue Act of 1924 provides for the determination of the value of the gross estate of a decedent by including the following:

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

Petitioners direct our attention to the words "taken out by the decedent upon his own life," and argue that because John Bromley, and not the decedent, paid the premiums on the policies and because he kept the policies in his possession, the insurance payable under the policies was not "taken out by the decedent" upon her own life.

If the policies were not taken out by the decedent upon her own life, by whom were they taken out? Not by John Bromley, for, while he had an insurable interest in the life of his wife (*Connecticut Mutual Life Insurance Co.* v. *Schaeffer*, 94 U. S. 457, 460), he did not apply for the insurance on her life and he was not the beneficiary. The decedent herself applied for the insurance, which in the case of one of the policies was payable to her in the face amount if she survived the premium-paying period, and in the event of her death before the expiration of the period it was payable, as was the insurance under the other policy, to her executors, administrators or assigns. It so happens that the husband, John Bromley, is one of the executors but this is a mere coincidence. He, with his coexecutor, was entitled to collect the insurance but only as executor and not in his individual capacity.

Petitioners cite article 25 of Regulations 68 which construes section 302(g) of the 1924 Act and reads in part as follows:

Insurance is deemed to be taken out by the decedent in all cases where he pays all the premiums, directly or indirectly, whether or not he makes the application. On the other hand, the insurance is not deemed to be taken out by the decedent, even though the application is made by him, where all the premiums are actually paid by the beneficiary.

Petitioners further cite a ruling of the respondent dated September 15, 1922, not officially reported, where a wife out of her separate income paid premiums on insurance she had taken out on the life of her husband, their children being named beneficiaries, with the provision that if the children predeceased the insured, the insurance was to be paid to the wife, if living, otherwise to her estate. It was held that, upon the death of the husband while the children were living, the amount paid to the children as beneficiaries under the policy described should not be included in the decedent's gross estate.

Assuming, without deciding, that these rulings correctly interpret the law, they do not fit petitioners' case. The ruling quoted from the regulations supposes the premiums to have been paid by the beneficiary, which is not the case here. In the other ruling mentioned, the insurance was actually " taken out " and premiums paid by one other than the insured and who, in the case of the death of the first-named beneficiaries, automatically became the beneficiary.

In our opinion it must be held that the policies here involved were taken out by the decedent upon her own life and the proceeds are properly to be included in determining the value of her gross estate. Cf. *Mimnaugh* v. *United States*, 66 Ct. Cls. 411.

*Judgment will be entered for the respondent.*